Claudie Delbert **CONOVER**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. PC–96–1218.

Court of Criminal Appeals of Oklahoma.

July 7, 1997.

**230**

Kristi L. Christopher, Capital Post–Conviction Oklahoma Indigent Defense System, Norman, for Petitioner.

No response necessary from the State.

*OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF, EVIDENTIARY HEARING AND DISCOVERY*

LUMPKIN, Judge.

Petitioner Claudie Delbert Conover was convicted of First Degree Murder (21 O.S. 1991, § 701.7), Case No. CRF–94–302, in the District Court of Ottawa County. The jury found the existence of three aggravating circumstances and recommended the punishment of death. We affirmed the murder conviction but remanded the case to the District Court for resentencing. *Conover v. State*, 933 P.2d 904 (Okl.Cr.1997). Petitioner filed his Original Application for Post–Conviction Relief in this Court on November 21, 1996, in accordance with 22 O.S.Supp.1995, § 1089.

■ Before considering Petitioner's claims, we must again consider the narrow scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times, the Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata*. *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr. 1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker*, 933 P.2d at 331. Under 22 O.S.Supp.1995, § 1089(C)(1), only claims which "[w]ere not and could not have been

raised" on direct appeal will be considered. A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 12 O.S.Supp.1995, § 1089(C)(2). As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review *all* claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

*Walker*, 933 P.2d at 331 (footnote omitted, emphasis in original). We now turn to Petitioner's claims.

■ Initially, we note that all claims pertaining to the sentencing stage of trial are now moot as a result of this Court's decision in the direct appeal to remand the case for resentencing. This includes a portion of proposition of error number one, wherein Petitioner claims he was denied the effective assistance of trial counsel by counsel's failure to investigate and prepare for the second stage of trial, by counsel's failure to present mitigating evidence, and by counsel's failure to present evidence to rebut the "continuing threat" aggravator; and proposition number three, wherein Petitioner contends he was denied his right to sentencing by an impartial jury as one of the jurors had a prior felony conviction which was not revealed to the court until after Petitioner had been found guilty. Also included as moot are propositions of error number four, wherein Petitioner asserts that collateral information provides further support for his claim that the jury was not properly instructed, and as a result he was denied a reliable sentencing; and number seven, wherein Petitioner contends he was denied a fair second stage proceeding when the jury decided to impose the death sentence prior to the beginning of second stage deliberations.

■ Turning to the propositions of error addressing the first stage of trial, Petitioner claims in his first proposition [1] that he was denied the effective assistance of trial counsel. Petitioner asserts trial counsel was ineffective in the following ways: failing to investigate and prepare for the first stage of trial, failing to request a voluntary intoxication instruction, and by failing to present evidence of Petitioner's mental state and intoxication to support his request for the lesser included instruction of manslaughter.

The issue of ineffective assistance of trial counsel was not raised on direct appeal. In *Walker*, we said an ineffective assistance of trial counsel claim could not have been raised on direct appeal if it requires "factfinding outside the direct appeal record." *Id.* at 332 (quoting 22 O.S.Supp. 1995, § 1089(D)(4)(b)(1)). "Stated in pro-

---

**1.** In his brief in support of the application for post-conviction relief, Petitioner makes a preliminary complaint that Oklahoma's capital post-conviction regime, on its face and as applied, denies adequate and equal access to the courts and deprives Petitioner of his right to Due Process, all in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Ex Post Facto Clause of that document, and similar provisions of the Oklahoma Constitution. This complaint was not contained in the Application for Post–Conviction relief. Therefore, it is not properly before this Court and we will not consider it. *Rogers v. State*, 934 P.2d 1093, 1098 n. 18 (Okl.Cr.1997).

hibitive terms, this Court may not review [Petitioner's] post-conviction claims of inef-. fective assistance of trial counsel if the facts generating those claims were available to [Petitioner's] direct appeal counsel and thus either *were* or *could have been* used in his direct appeal." *Id.* (emphasis added). We made it clear that the mere absence of these claims from the direct appeal record was not sufficient: the claim would still be waived if "the facts contained in them were available to his direct appeal attorney and thus could have been argued on direct appeal." *Id.* Here, the information was available to direct appeal counsel. Petitioner has presented nothing to this Court showing that additional evidence regarding his mental health was not available to direct appeal counsel. Because the basis for this claim does not require factfinding outside the scope of information available to his attorney at the time of direct appeal, this claim is waived, and his first proposition of error is denied.

■ For his second proposition of error, Petitioner alleges he was denied the effective assistance of appellate counsel. Essentially, he argues that appellate counsel, the Oklahoma Indigent Defense System, was unable to present a claim on direct appeal of ineffective assistance of trial counsel due to serious understaffing, overworked attorneys and investigators, and insufficient funds. Petitioner asserts that due to insufficient time and resources, the investigation into this claim could not have been completed prior to the deadline for filing the brief in chief. Petitioner states that counsel attempted three separate times to get the claim before this Court, but each attempt was denied.[2]

In *Walker*, we set forth a three-prong test to review claims of ineffective assistance of

appellate counsel.[3] Under this analysis, (1) the threshold inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then (2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). If this burden is met, (3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Id.* at 333 n. 23 (quoting 22 O.S.Supp.1995, § 1089(C)(2)).

Under this analysis, the first threshold question is met, as the direct appeal record shows appellate counsel failed to raise this Sixth Amendment claim in a timely manner. We therefore turn to the second requirement under the new Act: whether such performance was deficient under the first prong of the *Strickland* test. Under this standard the analysis is whether "counsel's performance was deficient under prevailing professional norms." *Id.*

■ Claims of understaffing, overworked attorneys and investigators, and insufficient funds could result in a denial of an appellant's constitutional right to effective assistance of counsel. However, such claims do not *ipso facto* establish that counsel's performance was deficient under prevailing professional norms. Such claims must be reviewed within the particular facts and circumstances of any case in which they are raised. In the present case, assuming arguendo Petitioner established that conditions at OIDS were as

---

**2.** Petitioner asserts that appellate counsel filed an Application for an Additional 45 Days Beyond Final Deadline to File Brief of Appellant and Request for Show Cause Hearing, or in the Alternative, Application for Leave to File Motion for Evidentiary Hearing Within 45 days After Brief of Appellant is Filed. Appellate counsel also requested additional time to file the brief in chief, because he anticipated raising a Sixth Amendment claim. Upon filing the brief in chief, appellate counsel filed a Request for Reconsideration and Alternative Motion for Eviden-

tiary Hearing on Second Stage Sixth Amendment claims. All motions were denied by the Court.

**3.** I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See Walker*, 933 P.2d at 341 (Lumpkin, J., Concurring in Result). However, I yield to the majority here based on *stare decisis*.

he portrays them, he has still failed to establish that he has a viable claim to present to this Court. His argument is comprised of speculation and conjecture concerning the substance of any Sixth Amendment claim which could have been presented. Practically, post-conviction counsel could always argue that any claim that was not raised on direct appeal should have been raised. However, if the claim that was not raised cannot be shown to have made any difference or if it was a frivolous claim, then deficient performance has not been shown. Here, deficient performance has not been shown. Further, Petitioner makes no attempt to establish that appellate counsel breached any duties owed to him, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance." *Walker*, 933 P.2d at 337.

Therefore, as Petitioner has failed to show his direct appeal attorney's performance was deficient under the first prong of the *Strickland* test, he has failed to establish ineffective assistance of counsel under this Court's test. Accordingly, his second proposition of error (ineffective assistance of appellate counsel) has no merit; and the underlying substantive claim which forms the basis for the claim remains procedurally barred. *Id*

■ In his third proposition of error, Petitioner contends he was denied his right to a trial by an impartial jury as one of the jurors had a prior felony conviction which was not revealed to the court until after Petitioner had been found guilty. Petitioner concedes that this claim was not raised on direct appeal, but argues that a significant part of the basis of the claim relies on evidence outside the trial record. He supports this claim with citation to the record and affidavits. In the alternative, Petitioner argues that to the extent this Court determines that any claims should have been raised on direct appeal, the failure of appellate counsel to do so constituted ineffective assistance of appellate counsel.

The basis for this claim does not depend on facts outside the record. Petitioner shows no reason why this claim could not have been raised on direct appeal. Information concerning the juror's felony conviction could

have been discovered by appellate counsel. Further, Petitioner fails to show any external impediment which precluded counsel from raising it. *See Braun v. State*, 937 P.2d 505, 513 (Okl.Cr.1997). In fact, Petitioner acknowledges that trial counsel knew of the potential problems prior to sentencing and even moved for a mistrial. Therefore, Petitioner has waived consideration of the claim on it merits for purposes of post-conviction review. 22 O.S.Supp.1995, § 1089(C).

■ Turning to his claim of ineffective assistance of appellate counsel for failure to raise the issue on appeal, Petitioner has established that the conduct of which he complains actually occurred—that the issue was not raised on direct appeal. Therefore, we reach the next level of inquiry, which is whether the conduct constituted deficient performance. Petitioner has failed to present facts to show that appellate counsel's omission of this argument on direct appeal was unreasonable under the circumstances or did not fall within the wide range of professional assistance. We have held that we cannot and will not find an attorney was ineffective simply because he or she failed to raise an arguably meritorious claim. *Walker*, 933 P.2d at 337. Accordingly, Petitioner's claim of ineffective assistance of appellate counsel for failure to raise the issue of a juror's felony conviction is denied.

■ For his fifth and sixth propositions of error, Petitioner argues that his right to the presumption of innocence was violated by the presence of armed guards in the courtroom, including a guard who was positioned directly behind Petitioner and his counsel during trial, and that the placement of an armed guard directly behind counsel table had a chilling effect on the free and confidential exchange of information between Petitioner and his attorney and deprived Petitioner of his Sixth Amendment right to counsel as well as his rights under the Eighth and Fourteenth Amendments, respectively. Neither of these claims were raised on direct appeal. Petitioner has waived the claims for purposes of post-conviction review unless he can demonstrate that the issues could not have been raised on direct appeal. We find Petitioner

has failed to so demonstrate. Therefore, we are precluded from reviewing these claims on their merits as propositions five and six have been waived. 22 O.S.Supp.1995, § 1089(C).

In his eighth proposition of error, Petitioner argues the cumulative effect of errors at trial and on appeal created error of constitutional dimensions which deprived him of his rights under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Reviewing our resolutions of Petitioner's propositions of error we find that Proposition I was, in part, denied as waived and in part, rendered moot by this Court's remand for resentencing; Proposition II was denied; Proposition III was denied in part, and rendered moot in part; Proposition IV is moot; Propositions V and VI were denied as waived and Proposition VII is moot. Therefore, as we find no cumulative error, Proposition VIII is denied.

In Propositions of Error numbers I, II, III, V, VI Petitioner requests an evidentiary hearing and presents affidavits in support of those requests. A post-conviction applicant is not entitled to an evidentiary hearing unless "the application for a hearing and affidavits contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." 22 O.S.Supp.1996, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 9.7(D)(5). Petitioner has failed to so demonstrate. Therefore, his requests for an evidentiary hearing are denied.

 Petitioner also requests discovery in Proposition Number III for purposes of further developing the claim that he was denied a fair trial by the presence of a juror with a felony conviction. This Court has never allowed unfettered discovery in post-conviction proceedings, and the new Act does not broaden discovery rights. *Walker,* 933 P.2d at 340. Petitioner has failed to show this Court why additional discovery is necessary. Accordingly, his request for additional discovery is denied.

1. Opinion, page 232.

## DECISION

After carefully reviewing Petitioner's Application for post-conviction relief and his requests for discovery, evidentiary hearing and other requests, we conclude (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly presented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief and Application for an Evidentiary Hearing and Discovery are DENIED.

CHAPEL, P.J., STRUBHAR, V.P.J., LANE and JOHNSON, JJ., concur.

LANE, J., concurs in result.

LANE, Judge, concurring in result.

I concur in results and write to express my views on 22 O.S.Supp.1995 § 1089. The majority states on page 231 of the opinion:

> In *Walker,* we said an ineffective assistance of trial counsel claim could not have been raised on direct appeal if it requires "factfinding outside the direct appeal record." (Cite omitted) Stated in prohibitive terms, this Court may not review (Petitioner's) post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to (Petitioner's) direct appeal counsel and thus either *were* or *could have been* used in his direct appeal.

To this point, I agree with the majority. However, the majority then goes on to state that if the error is based on facts that were available to direct appeal counsel they could have been argued on direct appeal and are waived if not so argued.[1] This statement does not take into consideration whether or not the necessary facts to sustain the allegation of error are contained in the direct appeal record or whether the facts must come from some source outside the record.

If the facts to support the alleged error are contained in the trial record, there is not a doubt that the allegation is waived. However, I believe that for the purpose of determining the applicability of the waiver doctrine, I would not consider any facts that were not before the trial court but which could have been available to trial counsel from some other source as dicta from *Walker* would suggest. I think to hold otherwise would defeat the language and intent of § 1089. It provides in (D)(4)(b):

> For the purposes of this subsection, a ground could not have been previously raised if:
>
> (1) it is a claim of ineffective assistance of trial counsel which requires fact-finding *outside the direct appeal record....* (Emphasis supplied)

Without saying so, the majority seems to be imposing our Rule 3.11(B)(3) which permits the supplementation of the record when claims of ineffective assistance of counsel is raised. I believe that this rule is only applicable to non-death penalty cases as it seems to be in *direct conflict with* § 1089. I would hold that when there is such a conflict, the statute takes precedence over the rule.

If I applied this thinking to the current case, I would be forced to *concur in result.* In his application for post-conviction relief, the petitioner asserts six allegations of ineffective assistance of trial counsel:

1. Petitioner's trial attorney failed to test the State's evidence.
2. Petitioner's trial attorney failed to investigate and prepare for both stages of the trial.
3. Petitioner's trial attorney failed to present mitigation evidence.
4. Petitioner's trial attorney failed to request a voluntary intoxication instruction.
5. Petitioner's trial attorney failed to present evidence of Mr. Conover's mental state and intoxication to support his request for the lesser included instruction of manslaughter.
6. Petitioner's attorney failed to present evidence to rebut the continuing threat aggravator.

One and four are not the subject of a post conviction relief action because their factual basis is in the trial record and they have been waived for failure to raise on direct appeal. Three and six are moot since they refer to the sentencing stage of the trial and we are reversing the death penalty. Two and five fail because the supporting affidavits are insufficient to show that even if we consider the facts contained in them as true they fail to establish that post-conviction relief is warranted.