**Sharieff Imanu Mukatla Abdur–Rahim SALLAHDIN, (Formerly Michael Pennington), Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–96–1570.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1997.

Katherine Jane Clark, Capital Post–Conviction, Oklahoma Indigent Defense System, Norman, for Petitioner.

## OPINION DENYING APPLICATION FOR POST-CONVICTION RELIEF AND REQUESTS FOR AN EVIDENTIARY HEARING AND DISCOVERY

JOHNSON, Judge.

Petitioner, Sharieff Sallahdin (formerly Michael Pennington), was tried by a jury in the District Court of Comanche County, Case No. CRF–91–386, before the Honorable Peter Clinton Moore. Petitioner was convicted of First Degree Malice Aforethought Murder. The jury found Petitioner guilty and sentenced him to death after finding three aggravating circumstances. The trial court sentenced Petitioner accordingly on September 17, 1993. On direct appeal in Case No. F–93–968, Petitioner's conviction and sentence were affirmed. *Pennington v. State*, 913 P.2d 1356 (Okl.Cr.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 121, 136 L.Ed.2d 72 (1996). A Petition for Rehearing was filed on January 17, 1996. This Petition was denied on April 26, 1996.

On January 15, 1997, Petitioner filed an initial application for postconviction relief together with requests for discovery and an evidentiary hearing with this Court.[1] The issues that may be raised as well as our scope of review in this matter are narrowly defined as follows:

> The only issues that can be raised in post-conviction are those which were not or could not have been raised in a direct appeal and support a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent. On review, this Court must determine whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, whether the applicant's grounds were or could have been previously raised, and whether relief may be granted.... This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*, nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.

*McGregor v. State*, 935 P.2d 332, 333–334 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997)[footnotes omitted]. Based upon the foregoing, we will not consider the claims raised in Petitioner's first through eighth and tenth propositions of error because they either were raised on

---

1. 22 O.S. Supp.1995, § 1089(D)(1) provides that an original application for post-conviction relief shall be filed with this Court. The recent amendments to the Post–Conviction Procedure Act do not require the State to respond to the original application and no State response was filed.

direct appeal and are now barred by *res judicata*, or could have been raised on direct appeal and are now waived.[2]

Petitioner begins the argument section of his Post–Conviction Application with a preliminary complaint regarding Oklahoma's Capital Post–Conviction regime. He asserts that Oklahoma's Capital Post–Conviction regime, on its face and as applied, denies adequate and equal access to the courts and deprives Petitioner of due process. Specifically, Petitioner challenges the application of the recent amendments to the Post–Conviction Procedure Act, 22 O.S. § 1089. This Court has consistently rejected constitutional attacks on the current capital post-conviction procedure. *Mitchell v. State*, 934 P.2d 346, 349 (Okl.Cr.), *cert. denied*, — U.S. —, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Rogers v. State*, 934 P.2d 1093, 1096 (Okl.Cr.1997); *Hatch v. State*, 924 P.2d 284, 289–293 (Okl. Cr.1996). Accordingly, this preliminary complaint is denied.

Nonetheless, Petitioner raises 11 distinct propositions of error. Within each allegation of error, Petitioner consistently and without

foundation submits that to the extent this Court determines that a claim could have been brought on direct appeal, appellate counsel's failure to raise such claim constitutes ineffective assistance of appellate counsel. We will now address this general allegation.

■ "Ineffective assistance of appellate counsel claims are properly before us only if the Court finds that if the allegations were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms." *McGregor*, 935 P.2d at 335. Ineffective assistance of appellate claims are analyzed under the scheme set forth in *Walker v. State*, 933 P.2d 327, 333 (Okl.Cr.), *cert. denied*, — U.S. —, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). Petitioner asserts only a general claim of ineffectiveness of appellate counsel stating that if a claim should have been raised and was not, then counsel must have been ineffective.

2. These propositions of error are as follows:

I. The prosecutor's references to petitioner's post arrest silence violated Petitioner's rights to due process of law in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution.

II. Misrepresentations by members of the jury of facts that would have supported reasons to challenge those jurors for cause denied Mr. Sallahdin a trial before an impartial jury as required by the Sixth, Eighth and Fourteenth Amendments.

III. The jury was not properly instructed regarding life without parole, and as a result Mr. Sallahdin was denied due process of law and a reliable sentencing proceeding in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution.

IV. Mr. Sallahdin was denied his Sixth Amendment right to a trial by a fair and impartial jury, his Eighth Amendment right to a reliable sentencing hearing, and his Fourteenth Amendment right to due process of law because a member of his jury was asleep during the defense's case.

V. The trial court deprived Mr. Sallahdin of a fair and impartial jury, as guaranteed by the Sixth, Eighth, and Fourteenth Amendments, by refusing to sustain his challenges for

cause against a juror who, after being accepted for cause, indicated he could not be fair and impartial.

VI. Mr. Sallahdin's death sentence violates the Eighth and Fourteenth Amendments of the United States Constitution because the "Continuing Threat" aggravating circumstance, as it is currently being applied is unconstitutionally vague.

VII. Failure of the Information to properly allege the elements of the offense of First Degree Malice Aforethought Murder under the law in effect at the time of the offense resulted in fundamental and reversible error. This error violated Mr. Sallahdin's rights under the Fifth, Eighth and Fourteenth Amendments.

VIII. The introduction of the Appellant's shotgun, other items seized from his belongings, testimony about these items, and the results of scientific tests concerning these items violated Appellant's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and Article II, §§ 7, 9 and 30 of the Oklahoma Constitution as these items were seized without a search warrant and the police failed to obtain valid consent.

X. Mr. Sallahdin's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the Prosecutor failed to disclose exculpatory evidence to the defense.

■ Petitioner must establish that appellate counsel "breached any duties owed to him, or that [counsel's] judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance." *Walker*, 933 P.2d at 336. Here, Petitioner simply asserts that an attorney who omits arguably meritorious appellate claims is always ineffective. Such a conclusory allegation, standing alone, will not support a finding that an attorney's performance was deficient. *Id.* Accordingly, the diffuse allegations raised by Petitioner are not enough to show the requisite breach of duty and therefore are without merit.

In his ninth proposition of error, Petitioner claims general ineffectiveness of trial counsel due to trial counsel's failure to adequately investigate the defenses available at the time of Petitioner's trial. Specifically, Petitioner alleges that counsel failed to adequately investigate and present the alternative defense of steroid induced psychosis. Further, when his counsel did present the defense of innocence, he did not pursue important leads which supported that defense. In sum, Petitioner argues trial counsel failed to adequately investigate the possible defenses available, present evidence in mitigation, pursue viable leads and request continuances where warranted.

■ Petitioner's allegation of ineffective assistance of trial counsel depends upon facts outside the record on appeal. "[I]neffective assistance of trial counsel claims are properly raised and may be [reviewed on the merits] on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *Walker*, 933 P.2d at 332. While some of the facts in support of this claim are not in the direct appeal record, there is no evidence these facts were not available on direct appeal. "[T]he statutory

phrase 'fact-finding outside the direct appeal record' was never meant to negate the principle of waiver." *McGregor*, 935 P.2d at 335. Because Petitioner's ineffective assistance of trial counsel claim does not turn on facts unavailable at the time of his direct appeal, he has failed to meet the pre-conditions to review of his claim on the merits. Review of this claim is therefore barred. *Id.*

■ Petitioner finally claims in his eleventh proposition of error that the cumulative effect of the errors committed at trial deprived him of a fundamentally fair proceeding, and denied him his rights under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution. A cumulative error argument has no merit when this Court fails to sustain any of the individual errors raised by a Petitioner. *Hale v. State*, 934 P.2d 1100, 1103 (Okl.Cr.1997); *Mitchell*, 934 P.2d at 351. Because we found the claims raised in this petition were either procedurally barred or without merit, we find no cumulative error that warrants relief. This proposition is denied.

■ Petitioner also requests an evidentiary hearing and discovery. This Court may issue any order necessary to facilitate post-conviction review if it is determined that "controverted, previously unresolved factual issues material to the legality of the applicant's confinement may exist." *LaFevers v. State*, 934 P.2d 356, 360 (Okl.Cr.1997); 22 O.S.Supp.1995, § 1089(D)(3)(4)(a)(1). We have reviewed the material submitted in support of these requests and find that there are no controverted, previously unresolved factual issues material to the legality of Petitioner's conviction.[3] Therefore, this request is denied.

■ Finally, Petitioner seeks permission to amend this petition. This Court has stated that the legislature's intent is to narrow and restrict post-conviction review. *Cannon*

---

3. The issues sought to be reviewed at the evidentiary hearing include, but are not limited to the following:
  1. Six propositions related to the issues and circumstances surrounding the jurors' decision-making ability.
  2. The effectiveness of Petitioner's representation at both stages of trial.

3. The scientific reliability and acceptance in the psychiatric community of steroid induced psychosis, at the time of Petitioner's trial in 1993.
4. The issues surrounding the Akron Police Department's search of Petitioner's home at 448 Hillwood, in Akron, Ohio.

*v. State,* 933 P.2d 926, 928 (Okl.Cr.1997). The amended post-conviction act and the rules of this Court "prohibit any amendment or supplementation of an application after the deadlines provided by statute, and provide that any proposed supplementation shall be treated as a subsequent application." *Cannon,* 933 P.2d at 930, 22 O.S.Supp.1995, § 1089(D)(2). Subsequent applications will only be allowed where a petitioner can demonstrate "that the issues raised in a subsequent application were factually or legally unavailable at the time of the original application." *Id.* Petitioner has failed to establish issues factually or legally unavailable at the time of the original application. Therefore, this request is also denied.

After carefully reviewing Petitioner's application for post-conviction relief and requests for discovery and an evidentiary hearing, we find that Petitioner is not entitled to relief. Accordingly, Petitioner's Application for Post–Conviction Relief and Application for an Evidentiary Hearing and Discovery are **DENIED**.

CHAPEL, P.J., and STRUBHAR, V.P.J., concur.

LUMPKIN and LANE, JJ., concur in result.

LUMPKIN, Judge, concurring in results:

I concur in the decision to deny post-conviction relief in this case. However, I write separately to address the following.

Petitioner's preliminary complaint regarding the constitutionality of the Capital Post–Conviction Act was not contained in the Application for Post–Conviction Relief. Therefore, it is not properly before this Court and we should not consider the claim. *Conover v. State,* 933 P.2d 904 (Okl.Cr.1997); *Rogers v. State,* 934 P.2d 1093, 1098, n. 18 (Okl.Cr. 1997).

Petitioner's argument in his eleventh proposition of error that the cumulative effect of errors at trial denied him a fair trial could have been raised on direct appeal. Therefore, further consideration is procedurally barred.

Further, our Rule 3.11 was intentionally formulated to be compatible with the new post-conviction procedure act and not in conflict with it. All issues relating to the trial should be raised in the direct appeal. The rule was fashioned to afford an appellant the vehicle to supplement the direct appeal record with relevant, factually supported evidence to ensure an appealable issue relating to ineffective assistance of trial counsel is addressed at the first opportunity and to ensure that additional delay is not built into the process. Concomitant with that privilege is the responsibility of direct appeal counsel to determine in a timely manner if facts support a request to supplement the record to address a viable issue of ineffective assistance of trial counsel on direct appeal.

LANE, Judge, concurring in results.

I disagree with the language of this opinion that states that even though some of the facts relied on by Petitioner in his claim of ineffective trial counsel are outside the direct appeal record there is no evidence that they were not available to direct appeal counsel, therefore waiver is not negated. See my vote in *Conover v. State,* 933 P.2d 904(Okl.Cr.1997). However, I recognize that this view is not shared by the majority of this court. Therefore, I concur in result by reason of *stare decises.*