1998 OK CR 27

**Scott Allen HAIN, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–97–611.**

Court of Criminal Appeals of Oklahoma.

May 1, 1998.

Robert Wade Jackson, Steven M. Presson, Norman, on appeal.

No response necessary from the State.

## OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF

LUMPKIN, Judge:

¶ 1 Petitioner Scott Allen Hain was convicted of two counts of First Degree Murder (21 O.S.1981, § 701.7), two counts of Kidnapping (21 O.S.1981, § 741), two counts of Robbery with a Firearm (21 O.S.1981, § 801), one count of Third Degree Arson (21 O.S. 1981, § 1403) and two counts of Larceny of an Automobile (21 O.S.1981, § 1720), Case No. CRF–87–240, in the District Court of Creek County. The jury found the existence of three aggravating circumstances and recommended the punishment of death for each murder conviction. In *Hain v. State*, 852 P.2d 744 (Okl.Cr.1993), this Court reversed with instructions to dismiss the conviction for Robbery with Firearms and affirmed all other convictions. The death sentences imposed for the murder convictions were vacated and the case was remanded to the District Court for new second-stage proceedings. In the retrial of the sentencing stage, the jury found the existence of three aggravating circumstances and recommended the punishment of death for each count of murder. This Court affirmed the death sentences in *Hain v. State*, 919 P.2d 1130 (Okl.Cr.1996). Petitioner filed his Original Application for Post–Conviction Relief in this Court on September 10, 1997, in accordance with 22 O.S.Supp. 1995, § 1089.

¶ 2 Before considering Petitioner's claims, we must reiterate the narrow scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times,

the Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata*. *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied*, 516 U.S. 840, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

*Conover v. State*, 942 P.2d 229, 230 (Okl.Cr. 1997). These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker*, 933 P.2d 327, 331 (Okl.Cr. 1997). Under 22 O.S.Supp.1995, § 1089(C)(1), only claims which "[w]ere not and could not have been raised" on direct appeal will be considered. A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9).

Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upport[s] a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(2). As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review *all* claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

933 P.2d at 331 (footnote omitted, emphasis in original). We now turn to Petitioner's claims.[1]

■ ¶3  Propositions I, VIII, IX, X and XII were raised in the direct appeal, therefore further consideration is barred by *res judicata*. In Proposition I, Petitioner asserts the introduction of gruesome and un-

fairly prejudicial photographs of the victims violated his Eighth and Fourteenth Amendment rights and deprived him of a fair trial. In Proposition VIII, Petitioner asserts the aggravating circumstance of "continuing threat" was not supported by sufficient evidence and improper instructions were given by the trial court.[2] In Proposition IX he claims the aggravating circumstance of "especially, heinous, atrocious or cruel" failed to provide definite guidance which would limit the discretion of the sentencer and is therefore unconstitutional. In Proposition X, he argues the aggravating circumstance of "great risk of death" was not supported by sufficient evidence, the aggravator was unconstitutional as overbroad and indiscriminately applied, and it was proved with the same evidence used to support the charged offense. In Proposition XII, Petitioner asserts the second stage jury instructions could have been reasonably interpreted by the jury to mean that a death sentence was mandatory if aggravating circumstances outweighed mitigating circumstances.[3]

■ ¶4  Propositions II, III, IV, V, VII and XI are waived as they were not raised on direct appeal but could have been. In Proposition II, Petitioner claims the admission of co-defendant Lambert's statements deprived him of a fair trial. In Proposition III he

1. In his Post–Conviction Application Petitioner makes a preliminary complaint that Oklahoma's capital post-conviction regime, on its face and as applied, denies adequate and equal access to the courts and deprives Petitioner of his right to Due Process, all in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Ex Post Facto Clause of that document, and similar provisions of the Oklahoma Constitution. This Court has consistently rejected constitutional attacks on the current capital post-conviction procedure. *Sallahdin v. State*, 947 P.2d 559, 561 (Okl.Cr.1997); *Mitchell v. State*, 934 P.2d 346, 349 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Rogers v. State*, 934 P.2d 1093, 1096 (Okl.Cr.1997); *Hatch v. State*, 924 P.2d 284, 289–293 (Okl.Cr.1996).

2. On direct appeal, Petitioner argued the evidence was insufficient to support the jury's finding of the "continuing threat" aggravator. To the extent Petitioner's post-conviction claim is different from that raised on direct appeal, further consideration of the issue on its merits is waived as it could have been raised on direct

appeal but was not. The impact of this on Petitioner's claim of ineffective assistance of appellate counsel is discussed herein.

3. In Proposition XII of the post-conviction application, Petitioner asserts the second stage instructions could have been interpreted by the jury to mean that a death sentence was mandatory if aggravating circumstances outweighed mitigating circumstances. On direct appeal Petitioner challenged the second stage jury instructions by arguing they failed to instruct the jury that mitigating circumstances did not have to be unanimous, they failed to instruct on the meaning of life imprisonment without the possibility of parole, and they failed to instruct that the jury could not find an aggravating circumstance existed unless it first found the defendant made a material contribution to the aggravating circumstances. To the extent Petitioner's post-conviction claim is different from that raised on appeal, further consideration of the issue on its merits is waived as it could have been raised on direct appeal but was not. The impact of this on Petitioner's claim of ineffective assistance of appellate counsel is discussed herein.

claims the improper comments of the prosecutor denied him a fair trial. In Proposition IV he asserts the trial court gave an inaccurate instruction on voluntary intoxication which denied him a fair trial. In Proposition V Petitioner argues prosecutorial misconduct occurred when the State called co-defendant Lambert as a witness and pointed out to the jury that Lambert had refused to testify by invoking his Fifth Amendment rights. He argues in Proposition VII that the trial court gave a fundamentally flawed insanity instruction and in Proposition XI that the convictions for felony murder, crimes not alleged in the information, deprived him of a fair notice and the opportunity to defend in violation of his Sixth, Eighth and Fourteenth Amendment rights.

¶ 5    Petitioner also claims the arguments contained in Propositions VII, VIII, X and XII were not raised at trial and therefore he was denied the effective assistance of trial counsel. Additionally, Petitioner claims that to the extent any of the above arguments either (1) could have been raised on direct appeal but were not or (2) were raised in a manner different than that raised by post-conviction counsel, he was denied the effective assistance of appellate counsel. These claims of ineffective assistance of trial and appellate counsel are reiterated in Proposition XIII. In that proposition Petitioner also acknowledges that a claim of ineffective assistance of counsel was not raised on direct appeal and notes that trial counsel and appellate counsel were one in the same.

■■■ ¶ 6    The only reason a claim of ineffective assistance of trial counsel cannot be raised on direct appeal is if it "requires factfinding outside the direct appeal record."

22 O.S.Supp.1995, § 1089(D)(4)(b)(1). *See also Walker*, 933 P.2d at 332. "Stated in prohibitive terms, this Court may not review [Petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [Petitioner's] direct appeal attorney and thus either were or could have been used in his direct appeal." *Walker*, 933 P.2d at 332. The category of items requiring fact-finding outside the direct appeal record does not include those items that trial counsel had the ability to discover. *McGregor v. State*, 935 P.2d 332, 335 (Okl.Cr.1997). We made it clear that the mere absence of claims from the direct appeal record was not sufficient, the claim would still be waived if "the facts contained in them were available to his direct appeal attorney and thus could have been argued on direct appeal." *Id.* No exception is made in the statute for the situation where trial counsel and appellate counsel are the same. *See Neill v. State*, 943 P.2d 145, 147 (Okl.Cr.1997).

■■■ ¶ 7    In the present case, the information forming the basis of the above claims was either available to direct appeal counsel,[4] or could have been obtained by counsel for purposes of raising the issues on appeal. Because the basis for this claim does not require factfinding outside the scope of information available to counsel at the time of the direct appeal, Petitioner's claims of ineffective assistance of trial counsel are waived because they could have been raised on direct appeal but were not.

¶ 8    As for the claims of ineffective assistance of appellate counsel, a three-prong test was set forth in *Walker* to review such claims.[5] Under this analysis, (1) the thresh-

---

4. Petitioner even admits the claims in Propositions II and V were available to appellate counsel and should have been raised and that the claim in Proposition IX was not "adequately" raised on direct appeal.

5. I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See Walker*, 933 P.2d at 341 (Lumpkin, J., concurring in result). However, I yield to the majority here based on *stare decisis*. Having reviewed Petitioner's application, together with the argument and authority provided, and in accordance with the criteria set forth in *Braun v. State*, 937 P.2d 505, 511–514 (Okl.Cr.1997), I find counsel's performance was not deficient and the underlying substantive claims are procedurally barred. In addition, it should be noted the criteria set forth in *Strickland* for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

old inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then (2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984). If this burden is met, (3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker,* 933 P.2d at 333 n. 23 (quoting 22 O.S.Supp.1995, § 1089(C)(2)).

■ ¶ 9 Under this analysis, the first threshold question is not met in regards to Propositions IX and XII. The aggravator of "especially heinous, atrocious or cruel" as well as the second-stage jury instructions were challenged on direct appeal. That post-conviction counsel views the claim "inadequately" raised on direct appeal or raises it in a different posture than that raised on direct appeal, is not grounds for reasserting the claim under the guise of ineffective assistance of counsel. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate it at a different stage of the appellate process. Direct appeal counsel competently raised the issue on direct appeal. Just because post-conviction counsel has the benefit of this Court's opinion on direct appeal and, with the benefit of hindsight, envisions a new method of presenting the argument, a legal basis for disregarding the procedural bar has not been provided. In other words, "post-conviction review does not afford defendants the opportunity to reassert claims in hopes that further argument alone may change the outcome in different proceedings." *Trice v. State,* 912 P.2d 349, 353 (Okl.Cr.1996). *See also Hooks v. State,* 902 P.2d 1120, 1124 (Okl.Cr.1995); *Fowler v. State,* 896 P.2d 566, 570 (Okl.Cr.1995).

¶ 10 In this case, both claims, as raised on direct appeal, contained relevant legal arguments supported by pertinent facts and legal authority. This was sufficient to enable the Court to consider the issues. That appellate counsel was not successful in his challenges is not grounds for a finding of ineffectiveness. As appellate counsel's challenges to the "especially heinous, atrocious or cruel" aggravator and the second-stage jury instructions were not deficient, further argument on post-conviction would not render the issue meritorious.

■ ¶ 11 As to the issues raised in Propositions II, III, IV, V, VII, and XI, the threshold question is met as the direct appeal record shows these claims were not raised on direct appeal. We therefore turn to the second requirement under the new Act: whether such performance was deficient under the first prong of the *Strickland* test. Under this standard the analysis is whether counsel's performance was deficient under prevailing professional norms.

¶ 12 While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Walker,* 933 P.2d at 334. Appellate counsel filed a well written, thoroughly researched brief raising numerous claims at least equally meritorious to those which were omitted and are at issue here. We cannot find that appellate counsel's failure to raise the claims at issue here rendered his performance unreasonable under prevailing professional norms. It has not been shown that appellate counsel breached a duty owed to Petitioner, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance" owed to a client by an attorney. *Walker,* 933 P.2d at 337. Further, Petitioner has failed to show any external impediment which precluded counsel from raising the issues. *Conover,* 942 P.2d at 233. Therefore, as Petitioner has not established that appellate counsel's performance was deficient, his claim of ineffective assistance of appellate counsel has no merit and his substantive claims remain procedurally barred.

■ ¶ 13 In Proposition VI, Petitioner asserts the "clear and convincing" standard

of evidence applied by the trial court in his post-examination competency hearing violated his rights to due process under the Eighth and Fourteenth Amendment rights. Petitioner bases this claim on *Cooper v. Oklahoma*, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), in which the United States Supreme Court held that Oklahoma's "clear and convincing" standard of evidence violated fundamental due process rights. This Court has declined to apply *Cooper* on post-conviction review. *Walker*, 933 P.2d at 339. *See also Rogers v. State*, 934 P.2d 1093, 1096 (Okl.Cr.1997). Accordingly, this proposition is denied.

## *DECISION*

¶ 14 After carefully reviewing Petitioner's Application for Post–Conviction Relief, we conclude (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly presented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED**.[6]

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., and LANE, J., concur in results.

LANE, Judge, concur in results.

¶ 1 I concur in result. I disagree with the majority's treatment of the ineffective assistance of trial counsel in two respects.

First, for the same reasons I expressed in *Ledbetter v. State*, 1997 OK CR 5, ¶¶ 1–6, 933 P.2d 880, 902–03 (Lane, J., concur in results). I disagree with the language of the court when it finds that the issue has been waived when the factual basis relied upon could have been available to the appellate counsel even though it was not in the record. Second, I would not find that there has been a waiver when trial counsel and appellate counsel are the same. *Roberts v. State*, 1996 OK CR 7, ¶ 12, 910 P.2d 1071, 1078–79; *Fowler v. State*, 1995 OK CR 3, ¶¶ 1–4, 896 P.2d 566, 569. This produces the absurd result that the attorney would have to raise an issue of his own incompetence in the appeal. Even if he were honest about it, he is too close to the trial and would not have an objective analysis to work with. However, when I consider the issue, as presented by post-conviction counsel, I find nothing to persuade me to grant relief. I also disagree with the majority when it finds that the competency issue was waived by failure to raise on direct appeal. I still maintain the position I took in *Walker v. State*, 1997 OK CR 3, ¶¶ 1–4, 933 P.2d 327, 344 (Lane J. dissenting). However, *stare decisis* requires me to concur on this issue.

---

**6.** Petitioner's application is entitled Application for Post–Conviction Relief, Request for Evidentiary Hearing, Supplementation of the Record and Discovery. In the Appendix, Exhibit 8, Petitioner includes a pleading entitled "Request for Evidentiary Hearing and Reference to Affidavit in Support." This pleading requests an evidentiary hearing and supplementation of the record with an affidavit from Yvonne Barton, Ph.D. Under our court rules, specifically Rule 9.7(A)(3)(f), the affidavit is a part of the record on post-conviction, therefore the motion to supplement is moot. To the extent Petitioner's pleading is a request for an evidentiary hearing, such request is denied as his unsupported allegations of need to develop the affidavit of Dr. Barton fail to present sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief. Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (1996). Therefore, any request for an evidentiary hearing is denied. As to the request for discovery, the Court has been unable to discern any such request from the record before us.