**Michael Dean WEBB, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC 92–0245.**

Court of Criminal Appeals of Oklahoma.

June 11, 1992.

### ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

Petitioner has appealed to this Court from an order of the District Court of Pottawatomie County, denying his second application for post-conviction relief in Case

No. CRF–77–92. Petitioner, represented at trial by Irwin Owen, was convicted by a jury of First Degree Rape, After Former Conviction of a Felony, and was sentenced October 12, 1977, to life imprisonment.

Petitioner, represented by Irwin Owen and H. Jeffrey Diamond of Miller, Peters and Diamond, timely appealed his conviction. On appeal, Petitioner raised three propositions of error: (1) that he was sentenced pursuant to 21 O.S.Supp.1977, § 51(B), which was declared unconstitutional; (2) admitting a foreign judgment and sentence into evidence without an authenticating witness; and, (3) admitting such instrument when it did not affirmatively reflect that the Petitioner had been represented by counsel or had effectively waived this right. This Court found no error and affirmed Petitioner's conviction in an unpublished opinion, Case No. F–78–78, April 30, 1979.

Petitioner, represented by Bob G. Carpenter, Attorney, filed an application for post-conviction relief in the District Court on December 15, 1988, raising one proposition of error. Petitioner alleged prosecutorial misconduct denied him the right to a fair and impartial trial because the prosecuting attorney dismissed one prior felony conviction at the beginning of stage two resulting in severe prejudice to Petitioner. The District Court denied Petitioner post-conviction relief January 23, 1989, finding this proposition of error could have been raised on appeal and that the dismissal of the prior felony conviction at trial could have been to the Petitioner's benefit and, therefore, was not sufficient to warrant relief. Petitioner, pro se, timely appealed the denial of his application for post-conviction relief. In an order entered March 2, 1989, this Court affirmed the District Court's order denying Petitioner's first application for post-conviction relief.

Petitioner, represented by Clifford E. Briery, II, has now appealed the denial of Petitioner's second application for post-conviction relief. Petitioner raises three propositions of error: (1) the State failed to prove Petitioner committed the crime of rape as defined by law; (2) Petitioner was denied effective assistance of counsel on appeal and on his first application for post-conviction relief because neither attorney addressed Petitioner's first proposition of error; and (3) Petitioner's sentence should not have been enhanced because the State failed to prove he was a prior felon.

The District Court denied Petitioner's second application finding no issues raised in the second application which should not have been known at the time of the first attempt to obtain post-conviction relief or at the time of the appeal; and, in accordance with *Johnson v. State*, 823 P.2d 370 (Okl.Cr.1991), and 22 O.S.1991, § 1086, Petitioner is barred from raising these claims.

■ This Court affirmed Petitioner's conviction in his direct appeal; therefore all issues previously ruled upon by this Court are res judicata, and all issues not raised in the direct appeal, which could have been raised, are waived. Moreover, Section 1086 directs that all grounds for relief available to an applicant under the Post–Conviction Procedure Act must be raised in the original application and that any ground not so raised, or bypassed, may not be the basis for a subsequent application unless sufficient reason is given for not asserting or inadequately raising the issue in the prior application or in any other proceeding taken to secure relief.

We find Petitioner's first and third propositions are barred and will not be considered. We also find that Petitioner's second proposition, ineffective assistance of counsel on appeal and in his first post-conviction application, fails to set forth sufficient reason for relief.

■ Counsel is not required to advance every argument, regardless of merit. *Cartwright v. State*, 708 P.2d 592 (Okl.Cr. 1985). The mere fact that counsel fails to recognize the factual or legal basis for a claim, or fails to raise the claim despite recognizing it, is not sufficient to preclude enforcement of a procedural default. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Petitioner was represented by counsel at trial and on appeal.

He was represented by a second attorney in his first application for post-conviction relief. Now Petitioner is represented by a third attorney and is asserting that Petitioner's first and second attorneys were ineffective because they did not raise what Petitioner's third attorney believes he would have raised had he represented Petitioner on appeal and in his first application.

 The Post–Conviction Procedure Act sets forth exceptions to the bypass rule. However, Petitioner has not asserted any grounds that come within these exceptions. When the issue of ineffectiveness of counsel could have been raised in a prior proceeding, this Court will rely on res judicata and decline to address the claim on its merits.

We find this issue substantially the same as that raised in *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), and agree with that Court that the application of the doctrine of res judicata and procedural bars must be exercised by appellate courts to assure finality of judgment. *See also Strickland v. Marshall*, 632 F.Supp. 590 (S.D.Ohio 1986).

In this particular case the rule established is based upon the fact that Petitioner had separate counsel on his direct appeal and on his first application for post-conviction relief in the District Court. This decision does not purport to provide a rule that would bar a claim of ineffective assistance of counsel when an appellant has not had the opportunity for independent, separate and objective representation of counsel through the appeals process.

Accordingly, the order of the District Court of Pottawatomie County denying Petitioner's second application for post-conviction relief is AFFIRMED.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, Presiding Judge
/s/Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/Tom Brett
TOM BRETT, Judge

/s/Ed Parks
ED PARKS, Judge
/s/Charles A. Johnson
CHARLES A. JOHNSON, Judge