Jay Wesley NEILL, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–96–1324.

Court of Criminal Appeals of Oklahoma.

July 25, 1997.

Jeremy B. Lowrey, Terri L. Marroquin, Capital Post–Conviction Oklahoma Indigent Defense System, Norman, for Petitioner.

No response necessary from the State.

### OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF, EVIDENTIARY HEARING AND DISCOVERY

LUMPKIN, Judge:

Petitioner Jay Wesley Neill was convicted of four counts of First Degree Murder (21 O.S.1981, § 701.7), three counts of Shooting with Intent to Kill (21 O.S.1981, § 652), and one count of Attempted Shooting with Intent to Kill (21 O.S.1981, § 652), Case No. CRF–84–597, in the District Court of Comanche County. The jury found the existence of three aggravating circumstances and recommended the punishment of death for each murder count. The trial court sentenced accordingly. We affirmed the judgments and sentences. *Neill v. State,* 896 P.2d 537 (Okl.Cr.1994). The United States Supreme Court subsequently denied certiorari. *Neill v. Oklahoma,* — U.S. —, 116 S.Ct. 791, 133 L.Ed.2d 740 (1996). Petitioner filed his Original Application for Post–Conviction Relief in this Court on October 23, 1996, in accordance with 22 O.S.Supp.1995, § 1089.

Before considering Petitioner's claims, we must again consider the narrow scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times, the Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State,* 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State,* 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata. Thomas v. State,* 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied,* — U.S. —, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State,* 814 P.2d 158, 159 (Okl.Cr. 1991), *cert. denied,* 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker,* 933 P.2d at 331. Under 22 O.S.Supp.1995, § 1089(C)(1), only claims which "[w]ere not and could not have been raised" on direct appeal will be considered. A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S. Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upport[s] a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."

22 O.S. Supp.1995, § 1089(C)(2). As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review *all* claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

*Walker*, 933 P.2d at 331. (footnote omitted, emphasis in original). We now turn to Petitioner's claims.

In four of the nine propositions of error raised, Petitioner challenges the effectiveness of trial counsel. Petitioner asserts in his first proposition of error that he was denied his right to due process, his right to trial by jury, and his right to effective assistance of counsel under the 6th, 8th, and 14th Amendments to the United States Constitution, as a result of invalid waivers relating to a continuance of trial proceedings, invalid waivers relating to presentation of a defense on first stage issues; and effective assistance of counsel in preparation for second stage proceedings, and advising Petitioner concerning the waivers in question. Further, he claims that any waivers made were not knowingly and voluntarily made. In his second proposition of error, Petitioner contends he was denied his right to an impartial jury capable of considering all penalty options, when as a result of the failure of both the trial court and trial counsel to conduct an examination on the issue with several jurors, jurors who would automatically impose the death penalty were permitted to remain on the jury panel.

In his third proposition of error, Petitioner asserts the prosecutor impermissibly commented on Petitioner's right to remain silent, impermissibly and incorrectly instructed the jury repeatedly that it could not consider mitigating circumstances, attempted to inflame the passions of the jury by referring to the fact that Petitioner is a homosexual, threatened that Petitioner would receive another new trial if the jury could not agree on the death penalty, and committed other misconduct. He contends these actions by the prosecution deprived him of his rights under the 5th, 6th, 8th, and 14th Amendments to the United States Constitution, and deprived him of a trial by an impartial and unbiased tribunal properly instructed as to the law of the case. Petitioner argues that as most of these instances of prosecutorial misconduct were not objected to at trial, the fundamental basis of this claim is in the context of ineffective assistance of counsel. In his fifth proposition of error, Petitioner asserts that trial counsel was ineffective as a result of the failure to request a change of venue despite clear evidence that the community in which Petitioner was being tried had been saturated with negative press coverage, as well as discussion and opinion regarding Petitioner's prior proceedings. As a result, Petitioner contends he was deprived of his rights under the 6th, 8th, and 14th Amendments to the United States Constitution.

Petitioner admits that none of these issues nor the issue of ineffective assistance of trial counsel were raised on direct appeal. He asserts that the issues could not have been raised because appellate counsel was second chair trial counsel. He argues that for counsel to have raised the issues would have required an analysis of his own performance at trial. Petitioner further asserts that to the extent this Court determines that any claims should have been raised on direct appeal, the failure to do so constituted ineffective assistance of appellate counsel.

Under 22 O.S.Supp.1995, § 1089(D)(4)(b)(1), the only reason a claim of ineffective assistance of trial counsel claim cannot be raised on direct appeal is if it "requires factfinding outside the direct appeal record". *See also Walker*, 933 P.2d at 332. "Stated in prohibitive terms, this Court may not review [Petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [Petitioner's] direct appeal attor-

ney and thus either *were* or *could have been* used in his direct appeal." *Id.* We made it clear that the mere absence of these claims from the direct appeal record was not sufficient: the claim would still be waived if "the facts contained in them were available to his direct appeal attorney and thus could have been argued on direct appeal." *Id.* No exception is made in the statute for the situation where trial counsel and appellate counsel are the same. Therefore, as the information forming the basis of the above claims was available to direct appeal counsel [1], and as Petitioner has failed to show that appellate counsel could not have obtained the information in question for purposes of raising the issues on appeal, Petitioner's claim of ineffective assistance of trial counsel is waived because it could have been raised on direct appeal but was not.[2] Because the basis for this claim does not require factfinding outside the scope of information available to counsel at the time of the direct appeal, this claim is waived, and Petitioner's first, second, third and fifth propositions of error are denied insofar as they pertain to ineffective assistance of trial counsel.

Reviewing these claims only within the context of ineffective assistance of appellate counsel, the threshold inquiry is met—the claims were not raised on direct appeal. *Walker,* 933 P.2d at 333.[3] We now must determine if counsel's performance was deficient under the first of the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Under this standard the analysis is

whether "counsel's performance was deficient under prevailing professional norms."

■ Petitioner presents no facts specifically supporting his allegation that direct appeal counsel was ineffective for omitting the above issues. Instead he argues that the ineffectiveness of trial counsel was so pervasive that failure to challenge Petitioner's trial representation in appeal proceedings was a failure to adequately represent him at the appellate level as well. Such a conclusory allegation, standing alone, will never support a finding that an attorney's performance was deficient. *See Valdez v. State,* 933 P.2d 931, 934 (Okl.Cr.1997). As Petitioner has failed to show his direct appeal attorney's performance was deficient under the first prong of the *Strickland* test, he has failed to establish ineffective counsel under this Court's test. Accordingly, his first, second, third, and fifth propositions of error as they relate to ineffective assistance of appellate counsel are denied.

In his fourth proposition of error, Petitioner contends jurors consulted a Bible during deliberations and therefore he was deprived of his rights under the 6th, 8th, and 14th Amendments to the United States Constitution to a jury determination based solely upon the law as stated by the court and the legal evidence properly before the jury. In support of this allegation, Petitioner submits affidavits from two members of the jury stating they recall a Bible being present in the jury room during second stage deliberations.

1. The category of items requiring fact-finding outside the direct appeal record does not include those items that trial counsel had the ability to discover. *McGregor v. State,* 935 P.2d 332 (Okl. Cr.1997).

2. We acknowledge our prior cases of *Roberts v. State,* 910 P.2d 1071, 1078–79 (Okl.Cr.1996); *Fowler v. State,* 896 P.2d 566, 569 (Okl.Cr.1995) and *Webb v. State,* 835 P.2d 115, 117 (Okl.Cr. 1992) wherein we said that we would not require counsel to raise a claim of ineffective assistance on him or herself. However, those statements were unsupported by statute or case law and our current research fails to find any support for those statements. Therefore, that unsupported language borders on a holding by dicta and does not dictate the result in this case as a matter of law. Further, by failing to recognize the above

listed cases and include a provision in the new post-conviction statute addressing the situation where trial counsel and appellate counsel are the same, the Legislature has indicated that such a situation does not create an exception for failing to raise issues on direct appeal. Accordingly, we find the language of the new statute overrules our previous conclusions in *Roberts, Fowler,* and *Webb* as it pertains to counsel raising a claim of ineffective assistance on him or herself.

3. I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See Walker,* 933 P.2d at 341 (Lumpkin, J., Concurring in Result). However, I yield to the majority here based on *stare decisis.*

In his sixth proposition of error, Petitioner asserts one of the members of the jury panel failed to truthfully respond to the trial court's questions, and failed to disclose a material fact that would have merited his excusal from the panel for cause. As a result, Petitioner asserts he was deprived of his right to an impartial jury, and his rights to due process of law under the 6th, 8th, and 14th Amendments to the United States Constitution. In support of this proposition, Petitioner submits affidavits from two investigators stating they had interviewed Juror Barnes and that Mr. Barnes had stated that he went to school with co-defendant Johnson.

■ Neither of the allegations raised in these propositions of error were raised in the direct appeal. Therefore, Petitioner has waived the claims for purposes of post-conviction review unless he can demonstrate that the issues could not have been raised on direct appeal. We find Petitioner has failed to so demonstrate. While the information in these affidavits was not in the direct appeal record, Petitioner has shown no reason why these claims could not have been raised on direct appeal. Information concerning the presence of a Bible in the jury room and of a juror's prior knowledge of co-defendant Johnson could have been discovered by appellate counsel. Further, Petitioner fails to show any external impediment which precluded counsel from raising the claims. *See Braun v. State,* 937 P.2d 505 (Okl.Cr.1997). Therefore, Petitioner has waived consideration of his fourth and sixth propositions of error on their merits for purposes of post-conviction review. 22 O.S.Supp.1995, § 1089(C).

■ Petitioner contends in his seventh proposition of error that the trial court's admission of inflammatory and gruesome photographs denied him his right to due process of law and an impartial trial of fact under the 6th, 8th, and 14th Amendments to the United States Constitution. This issue was raised on direct appeal. Therefore, further consideration of the issue is barred by *res judicata. Walker,* 933 P.2d at 331.

In his eighth proposition of error, Petitioner asserts the trial court failed to instruct the jury on the meaning of "Life without parole" or "Imprisonment for Life" in the context of the sentencing options available. Petitioner contends this deprived him of his rights to due process, reliability in sentencing, and a jury informed as to the law under the 6th, 8th, and 14th Amendments. Petitioner asserts that although such instructions were requested by the defense at trial, no definitive authority was available either at the time of trial or of direct appeal to support the propositions. Petitioner notes that *Simmons v. South Carolina,* 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994) was decided after direct appeal briefing was completed. He contends this issue is therefore based on an intervening change in the law and is properly raised for the first time on post-conviction.

Petitioner's failure to challenge these instructions on direct appeal has waived the issue for purposes of capital post-conviction review, unless he can demonstrate that the issue "could not have been raised in [his] direct appeal." 22 O.S.Supp.1995, § 1089(C)(1). Under section 1089, this issue could not have been raised or was unavailable to his direct appeal counsel if it

(a) was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before [the] date [Petitioner's direct appeal brief was due], or (b) is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state . . .

22 O.S.Supp.1995, § 1089(D)(9)(a) & (b).

■ We find that as of the date of Petitioner's direct appeal, the legal basis of his challenge to the "life imprisonment" and "life without parole" instructions was either recognized by or could have been reasonably formulated from a final decision of the United States Supreme Court. *Walker,* 933 P.2d at 338. *See also Simmons,* 512 U.S. at 169–71, 114 S.Ct. at 2197 (citing *Boyde v. California,* 494 U.S. 370, 380, 110 S.Ct. 1190, 1198, 108 L.Ed.2d 316 (1990) for the proposition that where there is a " 'reasonable likelihood

that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence,' the defendant is denied due process").

■■■ Further, we find that *Simmons* is not a "new" rule of constitutional law. A case announces a "new" rule when it "breaks new ground or imposes a new obligation" . . . or if its result "was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989). *Simmons* did neither of the above. It was merely an explanation and elaboration of the sentencing options available to South Carolina juries. It addressed the specific provisions of South Carolina law which made a defendant serving a life sentence not subject to parole based upon the defendant's past criminal record. We have determined that rule is not applicable to Oklahoma statutory provisions. *Hain v. State,* 919 P.2d 1130, 1145 (Okl.Cr.1996); *Mayes v. State,* 887 P.2d 1288, 1316–17 (Okl. Cr.1994), *cert. denied,* 513 U.S. 1194, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995).

Because Petitioner's current attack on the "life imprisonment" and "life without parole" instructions was available at the time of his direct appeal, his failure to raise the claim at that juncture has rendered it waived for purposes of this collateral attack. As this proposition of error does not meet the first prerequisite to post-conviction review, it is denied.

In his ninth proposition of error, Petitioner argues the cumulative effect of errors at trial and on appeal created error of constitutional dimensions which deprived him of his rights under the 6th, 8th, and 14th Amendments to the United States Constitution. Reviewing our resolutions of Petitioner's propositions of error we find that the first, second, third and fifth propositions were denied as failing to meet the test of ineffective assistance of counsel, the fourth and sixth propositions were denied as waived, the seventh proposition was barred by *res judicata,* and the eighth proposition was denied as waived. Therefore, as we have found no individual error, we find no cumulative error and this ninth proposition of error is denied.

Petitioner also requests an evidentiary hearing and discovery. We have held that a post-conviction applicant is not entitled to an evidentiary hearing unless the application for a hearing and the supporting affidavits "contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." 22 O.S.Supp.1996, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 9.7(D)(5). The new post-conviction statute does not specifically address motions for evidentiary hearing. Under the new statute, it is this Court's responsibility to assess the propositions raised and determine whether "controverted, previously unresolved factual issues material to the legality of the applicant's confinement" exist. *Walker,* 933 P.2d at 340 quoting 22 O.S.Supp. 1991, § 1089(D)(4)(a)(1). If we encounter such factual controversies, we are free to issue an order—such as an order for an evidentiary hearing—to help facilitate post-conviction review. *Id. See* 22 O.S.Supp. 1996, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 9.7(D)(6). In analyzing Petitioner's nine propositions of error, we found no material factual issues that would warrant an evidentiary hearing. Therefore, Petitioner's request for an evidentiary hearing is denied.

■■ Petitioner's request for discovery is also denied. Petitioner does not argue that the trial court denied him full and fair discovery. Rather he asserts that additional discovery is needed on the issues of jury bias and misconduct. Petitioner requests permission to depose the jurors on these matters and discovery of any documents relating to any jury investigation in this case previously conducted by the State. This Court has never allowed unfettered discovery in post-conviction proceedings, and the new Act does not broaden discovery rights. *Walker,* 933 P.2d at 340. Petitioner has failed to explain why the information he now seeks was not obtained at an earlier juncture. Accordingly, his request for additional discovery is denied.

## DECISION

After carefully reviewing Petitioner's Application for post-conviction relief and his requests for discovery and an evidentiary hearing, we conclude (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly presented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief and Application for an Evidentiary Hearing and Discovery are **DENIED**.

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., and LANE, J., concur in results.

CHAPEL, Presiding Judge, concurring in results:

I agree that this Application should be denied. However, I disagree with the analysis used to resolve the ineffectiveness of trial counsel's claim of error. The majority misconstrues 22 O.S.Supp. 1995, § 1089, to require appellate counsel to raise ineffectiveness claims against him or herself if he or she was also trial counsel. I find this interpretation absurd. Requiring appellate counsel to evaluate his own conduct of the trial is completely unreasonable. Indeed, it would be impossible. Accordingly, I would find that such claims "were not and could not have been raised in a direct appeal ....." and should, therefore, be reviewed. 22 O.S.Supp. 1995, § 1089(C)(1). The rationale of our prior opinions in *Roberts v. State,* 910 P.2d 1071 (Okl.Cr.1996), *Fowler v. State,* 896 P.2d 566 (Okl.Cr.1995), and *Webb v. State,* 835 P.2d 115 (Okl.Cr.1992) is perfectly valid and the statute does not overrule these cases.

LANE, Judge, concurring in results:

I concur in results for the same reasons I concurred in results in *Conover v. State,* 942 P.2d 229, (Okl.Cr.1997). As in *Conover,* I do not see anything that would cause me to vote for a reversal even when I examine the case in the light of my interpretation of the new version of 22 O.S.Supp1995 § 1089.