F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARMANDO HERNANDEZ,

    Petitioner-Appellant,

v.

STEVE BECK, Warden,

    Respondent-Appellee.

No. 05-6014
(Western District of Oklahoma)
(D.C. No. 04-CV-1022-W)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Armando Hernandez seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Hernandez's motion to proceed in forma pauperis is **granted**.

Hernandez pleaded guilty to two counts of robbery with a firearm and one count of assault with a deadly weapon. He did not seek to withdraw his guilty plea or otherwise challenge his conviction on direct appeal. He did, however, file

an application for post-conviction relief in Oklahoma state court. The state district court denied Hernandez's post-conviction application, relying on Oklahoma's procedural default rule. *See* Okla Stat. tit. 22, § 1086; *Neill v. State*, 943 P.2d 145, 146 (Okla. Crim. App. 1997). The denial of post-conviction relief was affirmed by the Oklahoma Court of Criminal Appeals.

On June 17, 2002, Hernandez filed the instant § 2254 petition in federal district court. In his federal petition, Hernandez raised the same eight claims he attempted to raise in his state post-conviction application: (1) he was not advised of his right to contact the Mexican Consul, (2) the trial court failed to advise him of its intent to impose more than the minimum sentence on each count, (3) his confession is invalid as a result of police entrapment, (4) he was subjected to double jeopardy, (5) his video arraignment was unconstitutional, (6) the Oklahoma Department of Corrections failed to use the Truth in Sentencing laws, (7) his guilty plea was not made knowingly and voluntarily, and (8) his counsel provided ineffective assistance. The district court concluded that the procedural bar rule applied by the Oklahoma courts to the first seven issues raised by Hernandez was an independent and adequate state procedural ground and that Hernandez had failed to show cause and prejudice to excuse the default and had also failed to demonstrate that the failure to review the merits of the defaulted claims would result in a fundamental miscarriage of justice. *See Bousley v.*

*United States*, 523 U.S. 614, 622 (1998). The district court then concluded that federal review of Hernandez's ineffective assistance claims was not barred by the procedural default. *See English v. Cody*, 146 F.3d 1257, 1263-64 (10th Cir. 1998). Although it reviewed the claims, it determined that they lacked merit.[1]

This court cannot grant Hernandez a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Hernandez has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Hernandez is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Hernandez's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that

---

[1]The district court also concluded that ineffective assistance of counsel did not constitute cause for the procedural default of Hernandez's first seven claims.

Hernandez is not entitled to a COA. The district court's resolution of Hernandez's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Hernandez has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Hernandez's request for a COA and **dismisses** this appeal.

<div style="margin-left: 40%;">

Entered for the Court
PATRICK FISHER, Clerk of Court


By
    Deputy Clerk

</div>