**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL RAY HOLMES,

       Petitioner-Appellant,

v.

REGINALD HINES, Warden,

       Respondent-Appellee.

No. 05-5014
(Northern District of Oklahoma)
(D.C. No. 01-CV-898-EA)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Carl Ray Holmes seeks a certificate of appealability
("COA") from this court so he can appeal the district court's denial of his 28
U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no
appeal may be taken from a final order disposing of a § 2254 petition unless the
petitioner first obtains a COA). Because Holmes has not "made a substantial
showing of the denial of a constitutional right," this court **denies** his request for a
COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a jury trial, Holmes was convicted, *inter alia*, of unlawful
manufacture of a controlled drug after former conviction of one or more felonies,

in violation of Okla. Stat. tit. 63, § 2-401, and unlawful possession of a controlled drug with intent to distribute after former conviction of one or more felonies, in violation of Okla. Stat. tit. 63, § 2-401. Holmes appealed his convictions, raising the following seven arguments: (1) the trial court improperly allowed the introduction of a prior conviction and other-crimes evidence during the guilt phase of the trial, (2) his right to be free from double jeopardy was violated, (3) he was denied a fair trial due to *Brady*[1] violations, (4) the trial court erroneously admitted statements he made to the police after he had invoked his *Miranda* rights, (5) a search of his property was conducted in violation of the Fourth Amendment, (6) his arrest was unlawful, and (7) the evidence was insufficient to support the convictions. The Oklahoma Court of Criminal Appeals ("OCCA") considered Holmes' arguments, but affirmed the convictions for unlawful manufacture of a controlled drug and unlawful possession of a controlled drug with intent to distribute.[2]

Proceeding *pro se*, Holmes then filed an application for post-conviction relief in Oklahoma state court. In his post-conviction application, Holmes raised the following issues: (1) his two convictions violate prohibitions on double

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

[2]Holmes' conviction for unlawful possession of marijuana was reversed by the Oklahoma Court of Criminal Appeals. That ruling is not relevant to the issues raised in Holmes' § 2254 application.

jeopardy, (2) his home was searched in violation of the Fourth Amendment, (3) he was illegally seized, (4) there was insufficient evidence and proof that his prior convictions were final, and (5) he was denied the effective assistance of trial counsel. He also filed a motion seeking to amend his state post-conviction application. The state district court denied both the motion to amend and Holmes' application for post-conviction relief. The OCCA affirmed the denial of post-conviction relief in an unpublished order, concluding that review of the issues Holmes had raised on direct appeal was barred by the doctrine of res judicata and that the issues not raised on direct appeal were waived. *See Webb v. State*, 835 P.2d 115, 116 (Okla. 1992); Okla. Stat. tit. 22, § 1086.

Holmes filed the instant § 2254 habeas application on November 7, 2001 and filed an amended application on February 28, 2002. In his amended application, Holmes raised all seven issues he presented to the OCCA on direct appeal together with the ineffective assistance of trial counsel claim that he raised in his state post-conviction application. He also raised three additional claims: (1) the OCCA's decision on his double jeopardy claim violated his right to equal protection of law, (2) he was denied the effective assistance of appellate counsel, and (3) Oklahoma's methamphetamine statute is unconstitutionally vague.

The district court addressed each of Holmes' claims. The court first concluded that review of Holmes' Fourth Amendment claim was barred by *Stone*

*v. Powell*, 428 U.S. 465, 494 (1976), because Holmes had a full and fair opportunity to litigate that claim in state court. The court also concluded that Holmes' claims of error based on the trial court's evidentiary rulings involved only allegations of state law error and, thus, were not cognizable in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, to the extent those claims also implicated Holmes' federal constitutional rights, the court concluded that Holmes was not entitled to relief because, even assuming error, Holmes failed to demonstrate that his trial was rendered fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974); *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002).

The district court then reviewed the constitutional claims that were previously adjudicated by the Oklahoma state courts. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded that the state courts' adjudication of those claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Finally, the district court concluded that Holmes' claims of ineffective assistance of trial counsel and the claims raised for the first time in his federal § 2254 application were procedurally barred because those claims were

procedurally defaulted in Oklahoma state court.[3] The district court determined that Holmes failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (holding that an unexhausted claim that appellate counsel provided ineffective assistance cannot serve as cause to overcome a procedural bar).

This court cannot grant Holmes a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Holmes has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003). Holmes is not required to demonstrate that his appeal will succeed to be entitled to a COA. He

---

[3]Even assuming, without deciding, that the district court incorrectly concluded that Holmes' ineffective-assistance-of-trial-counsel claim was procedurally barred, Holmes has wholly failed to demonstrate that the merits of that claim are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Holmes' application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Holmes is not entitled to a COA. The district court's resolution of Holmes' claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Holmes has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Holmes' request for a COA and **dismisses** this appeal.

Entered for the Court
CLERK, COURT OF APPEALS


By
    Deputy Clerk