FILED
United States Court of Appeals
Tenth Circuit

November 6, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DOVELL "B." BATTLE,

Petitioner-Appellant,

v.

RANDALL WORKMAN, Warden

Respondent-Appellee.

No. 09-5083

(N.D. of Okla.)

(D.C. No. 4:06-CV-00112-TCK-FHM)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Dovell B. Battle, an Oklahoma state prisoner, seeks to appeal the denial of

his federal habeas petition. Proceeding pro se in federal district court, Battle

claimed that the state trial court erred when it (1) refused to accept his guilty

plea, (2) then allowed the victim to identify him from the witness stand, and (3)

provided a legally incorrect jury instruction. He also alleged that his lawyers

were constitutionally deficient at trial and on appeal. The district court denied

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Battle's habeas petition on the merits with respect to the in-court identification and a portion of his ineffective assistance of counsel claims. The district court held that Battle's guilty plea, jury instruction, and other ineffective assistance claims were procedurally barred.

Proceeding pro se on appeal,[1] Battle reargues the issues he raised in district court and brings new claims based on the state trial court's rejection of his parole eligibility instruction, the admission of a detective's testimony, and his sentence being "excessive." Battle fails to demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims and its procedural rulings debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Exercising jurisdiction under 28 U.S.C. § 2253, we DENY a certificate of appealability (COA) and DISMISS the appeal.

## I. Background

This case arises out of the robbery of Golden Pawn Shop in Tulsa, Oklahoma. The owner of the pawn shop helped a man and a woman browse through several items. After more than an hour inside the store, the man jumped behind the clerk's counter and sprayed the owner with mace or pepper spray. The assailants fled the store with several dozen rings worth around $6,000 in total. Three days later, a woman attempted to sell some of the stolen rings back to the

---

[1] We construe Battle's claims liberally because he proceeds pro se. *See Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006).

same pawnshop.  The owner alerted police, and the woman was arrested.  She later claimed that she had purchased the rings two days prior from Battle and another woman.

Prosecutors initially agreed to recommend a four-year sentence for Battle if he pleaded guilty to Knowingly Concealing Stolen Property.  The state trial judge rejected the plea bargain and the case went to trial on more serious charges that took into account Battle's prior felonies.  At trial, prosecutors presented substantial evidence that Battle was the man who had robbed Golden Pawn Shop, including (1) testimony of the woman police arrested who claimed she bought the stolen rings from Battle, (2) Battle's accomplice's testimony that she had participated in the robbery with Battle, and (3) the owner's identification of Battle as the robber.

A jury found Battle guilty, and he was sentenced to 120 years in prison.

## II.  Discussion

Battle brings nearly twenty claims on appeal.  For the sake of clarity, we divide them into four groups based on the applicable law.  First, the district court reviewed a set of claims—all centering on the alleged ineffective assistance of Battle's appellate counsel—*de novo* because the state courts had applied incorrect federal law.  On a second set of claims, the state courts had correctly applied federal law, and therefore the district court used the deferential standard of review created in the Antiterrorism and Effective Death Penalty Act of 1996

-3-

(AEDPA). Third, the district court held several claims were procedurally barred under state law. Fourth, Battle asserts several claims on appeal that he altogether failed to argue in his habeas petition.

We address each set of claims in turn.

## A. *Claims Reviewed* De Novo

The district court properly reviewed Battle's ineffective assistance of appellate counsel claims *de novo*. Battle sought post-conviction relief in state court for six claims of ineffective assistance of appellate counsel. Both the state district court and the Oklahoma Court of Criminal Appeals (OCCA) applied the ineffectiveness standard in *Webb v. State*, 835 P.2d 115 (Okla. Crim. App. 1992), to Battle's claims.

The state district court cited *Webb* for the proposition that "[t]he mere fact that counsel fails to recognize the factual or legal basis for a claim, or fails to raise the claim despite recognizing it, is not sufficient to preclude enforcement of a procedural default." R., Vol. 1 at 138 (quoting *Webb*, 835 P.2d at 116). While that conclusion may be a corollary of *Strickland v. Washington*, 466 U.S. 668 (1984), it cannot substitute for the thorough review of counsel's actions that *Strickland* requires. *See Strickland*, 466 U.S. at 688 (instructing courts to consider "all the circumstances" surrounding counsel's actions). Thus, the district court was correct to find that the state courts had not applied controlling

federal law and it properly reviewed the claims *de novo*. *See Malicoat v. Mullin*, 426 F.3d 1241, 1248 (10th Cir. 2005).

Under *Strickland*, counsel provides ineffective assistance when his representation does not meet "an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue." *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). Only when the issue has merit do we then apply *Strickland* to determine if appellate counsel's assistance was unconstitutionally ineffective. *Id.* We address each claim.

*1. Failure to investigate alibi witnesses*

Battle argues his trial counsel was ineffective because she failed to investigate alibi witnesses, and his appellate counsel was ineffective because he failed to raise that ineffective assistance of trial counsel claim. The federal district court found that appellate counsel made a strategic decision not to raise the ineffective assistance claim and, besides, Battle had made no plausible showing of prejudice.

The district court's judgment is not reasonably debatable or wrong. Battle's appellate counsel did investigate his alibi defense even though the

-5-

attorney acknowledged that he did not think "this information will get [Battle's] case reversed." R., Vol. 2 at 515. Upon investigation, however, the appellate counsel found no evidence—except for Battle's bare assertion—that Battle had identified possible alibis for trial counsel. Furthermore, appellate counsel concluded that the single affidavit of a witness who claimed Battle was not at the crime scene would not have made out a viable ineffective assistance of trial counsel claim. *Id.* at 516. Given the evidence, counsel's professional judgment was reasonable.

2. *Failure to utilize the accomplice's confession*

Next, Battle argues his trial counsel provided ineffective assistance when she failed to use his accomplice's confession, and his appellate counsel was ineffective because he failed to raise this claim. This argument is meritless and, consequently, the district court's denial of relief on the claim is not reasonably debatable or wrong.

The decision not to introduce Battle's accomplice's confession was undoubtedly strategic. As appellate counsel noted in correspondence with Battle, the tape references Battle's former convictions—likely prejudicial to Battle—and in it his partner alleges that Battle participated in the crime. *Id.* Additionally, the alleged benefit Battle would derive from the confession—a weak suggestion that his accomplice's husband was in fact the perpetrator—is contradicted by Battle's own admission that he possessed the stolen rings. *Id.*

-6-

*3. Failure to object to an "all white" jury*

Battle alleges that the jury at his trial was composed entirely of Caucasians, and that fact alone proves a constitutional violation. Trial counsel did not raise an objection regarding jury composition, and Battle argues his appellate counsel was ineffective when he failed to make this ineffective assistance of trial counsel argument. By itself, the racial composition of a jury does not present a cognizable constitutional claim. Perhaps Battle intends to bring a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). *Batson* violations occur when a prosecutor uses his peremptory challenges purposefully to discriminate against a racial group. *Batson*, 476 U.S. at 89. As the district court noted, "nothing in the record reflects the racial composition of [Battle's] jury or jury pool," R., Vol. 2 at 535, and Battle does not allege discriminatory peremptory challenges. Because the jury composition claim is meritless, the district court's denial of relief on the claim is not reasonably debatable or wrong.

*4. Counsel's conflict of interest*

Battle claims that his trial counsel violated the attorney-client relationship because she did not inform him about a potential conflict of interest. Battle argues he was denied effective assistance of appellate counsel when his counsel failed to make this ineffective assistance of trial counsel argument on appeal.

This claim lacks merit, and the district court's denial of relief on the claim is not reasonably debatable or wrong. Battle did not raise a Sixth Amendment

-7-

objection at trial, and therefore to prevail on his conflict of interest claim, he "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Although Battle's precise argument is difficult to discern, he appears to argue that simply because his trial counsel had represented a government witness in a prior matter, counsel was unable to provide Battle with effective assistance. In this situation, we have held that ineffective assistance is proven only when "there is a substantial and particular relationship between the two cases." *United States v. Bowie*, 892 F. 2d 1494, 1501 (10th Cir. 1990). Here, the witness was in prison for various drug-related offenses and assault and battery. Battle does not allege that the witness's offenses were related to the robbery at issue in Battle's case.

Regardless of the relationship between the witness's and Battle's crimes, Battle fails to show that his trial counsel's conflict of interest adversely affected her performance. Battle makes no specific allegations of ineffective assistance due to the alleged conflict of interest, and we can discern none from the record. The witness who Battle's counsel had previously represented specifically acknowledged his prior convictions. Evidence challenging the witness's credibility thus was presented at trial.

*5. Failure to challenge the trial court's refusal to accept the guilty plea*

Battle alleges the trial court improperly refused to accept his guilty plea to the charge of Knowingly Concealing Stolen Property, and because his appellate

counsel did not make this argument, the appellate counsel was ineffective. This claim is meritless, and the district court's denial of relief on the claim is not reasonably debatable or wrong. "A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court," *North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970), and Battle does not allege that state law gives him a similar right. Because Battle lacks a constitutional or statutory right to have his guilty plea accepted, his appellate counsel's failure to raise this claim did not constitute ineffective assistance of counsel.

6. *Failure to challenge the jury instruction on accomplice testimony*

Battle argues that one of the jury instructions at trial was given incorrectly and appellate counsel's failure to raise this issue qualified as ineffective assistance. This claim is meritless, and the district court's denial of relief on the claim is not reasonably debatable or wrong. The challenged jury instruction was correct at the time it was given and it was only modified by a state court decision after Battle's direct appeal. *See Pink v. State*, 104 P.3d 584, 593 (Okla. Crim. App. 2004) (altering the disputed jury instruction's language from "may" to "must"). Obviously, appellate counsel's assistance could not have been ineffective merely because he failed to anticipate a change in the law before it occurred.

## B. Claims Reviewed under AEDPA

The district court reviewed Battle's in-court identification claim and one of his ineffective assistance of trial counsel claims under AEDPA. When a state prisoner files a federal habeas petition, federal courts only may grant relief if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d). The federal district court held that the OCCA properly applied controlling federal law to both of the claims, and it affirmed the OCCA's judgment. When considering whether to grant a COA, we ask whether reasonable jurists would find the district court's judgments debatable or wrong. We find they would not.

### 1. In-court identification of Battle

Battle challenges the victim's in-court identification of him as the robber. He alleges the victim had been unable to identify him at a preliminary hearing or in a photographic line up, and that her varied descriptions of the perpetrator raise constitutional concerns about the fairness of admitting her identification. The OCCA rejected Battle's claim, finding under the totality of the circumstances that the in-court identification was proper, or in the alternative, it was harmless error. The federal district court held that the OCCA's ruling reasonably applied the correct Supreme Court precedent.

The district court's holding is correct and beyond reasonable debate. Even a "suggestive and unnecessary" identification is constitutional "so long as the identification possesses sufficient aspects of reliability." *Manson v. Brathwaite*, 432 U.S. 98, 106 (1977). Courts assess reliability by examining the totality of the circumstances and weighing "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U.S. 188, 196, 199–200 (1972).

It was not unreasonable for the trial court to find the victim's identification sufficiently reliable to admit into evidence. She testified that she observed Battle for over an hour in her well-lit store and stated she was "positive" that Battle was the man who robbed her. R., Vol. 2 at 416. Battle contends that her testimony was unreliable because she could not identify him in photographs and said he had hair when, in fact, he is bald. However, the victim explained the alleged deficiencies in her testimony: the pictures of Battle did not look like him in person, and she maintains that she consistently told the police that Battle wore a hat during the robbery.

Even if the trial court unreasonably applied the *Biggers* factors and should not have permitted the in-court identification of Battle, the identification did not have a "substantial and injurious effect or influence in determining the jury's

-11-

verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal citation omitted). The victim was subject to vigorous cross-examination about her identification of Battle. The jury also had two other witnesses' testimony upon which it could base its conviction. As the district court noted, Battle's accomplice testified that Battle and she robbed the pawn shop together, and the woman arrested at the pawnshop identified Battle in court as the person who sold her the stolen rings.

2. *Trial counsel's failure to request a transcript of the preliminary hearing*

Battle argues that his trial counsel's failure to request a transcript of the preliminary hearing constituted ineffective assistance of counsel. Citing *Strickland*, the OCCA rejected Battle's claim. R., Vol. 1 at 48. The federal district court held that the state court's ruling was not unreasonable because Battle failed to show the lack of a transcript satisfied *Strickland*'s prejudice prong.

The district court's ruling is correct and beyond reasonable debate. Assuming for purposes of argument that failing to request the transcript was unreasonable, we can discern no prejudice that the transcript's absence caused Battle's defense. Battle's trial attorney thoroughly cross-examined the victim whose identification of Battle might have been called into question because of the preliminary hearing. The trial counsel even called as a witness the court reporter from the preliminary hearing to testify about what the victim said. And even if

-12-

we found the lack of a transcript prejudiced Battle's defense in some way, certainly he would be unable to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### C.  Procedurally Barred Claims

The district court held that six of Battle's claims were procedurally barred because he failed to raise them in his direct appeal.  The defaulted claims relate to the state trial court's refusal of Battle's guilty plea, an allegedly deficient jury instruction, and several ineffective assistance of trial counsel claims.  The underlying actions by the trial counsel and court complained of in this Section of the Order are identical to the underlying actions discussed in Section II.A., above.

"In a habeas proceeding, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  To be independent, the procedural ground must be based solely on state law.  Clearly, a bar based on state procedure alone constitutes an independent state ground.  To be adequate, the procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." *Sherrill v. Hargett*, 184 F.3d 1172, 1174 (10th Cir. 1999).  We have held, generally, "Oklahoma's procedural rule barring post-conviction relief for claims

petitioner could have raised on direct appeal constitutes an independent and adequate ground" sufficient to bar federal habeas review. *Id.* at 1175; *accord Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993) (finding Oklahoma courts have applied the procedural bar "not inconsistently" to defaulted constitutional claims). Battle's claims related to the trial court's refusal to accept his guilty plea and the disputed jury instruction are thus barred.

We have conducted a more searching inquiry into a state's procedural default rule when it is applied to ineffective assistance of trial counsel claims. The default will prevent federal habeas review when, first, "trial and appellate counsel differ," and, second, "the ineffectiveness claim can be resolved upon the trial record alone." *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998). Battle was represented by different appellate and trial counsel, and all but his claim related to alibi witnesses can be resolved on the trial record. Therefore, Battle's ineffective assistance of trial counsel claims related to his accomplice's confession, the racial composition of the jury, and the trial counsel's conflict of interest are barred.

The remaining ineffective assistance of trial counsel claim is barred, as well. It is not clear whether the remaining claim, which centers on trial counsel's alleged failure to investigate alibi witnesses, can be decided on the trial record. On the one hand, an alleged failure of counsel to investigate witnesses likely would involve evidence extrinsic to the trial. On the other hand, it is far from

-14-

certain that Battle even has alleged the existence of alibi witnesses whose

testimony would satisfy *Strickland*'s demanding prejudice prong. Assuming this

claim could not be decided on the trial record, it still is barred because Battle fails

to make "specific allegations . . . as to the inadequacy of the state procedure" to

supplement the trial record. *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir.

1999). That is, Battle does not allege that Oklahoma's procedure for

supplementing the trial record prevented him from building an appropriate record

in his direct appeal. Because Battle has not "place[d] that issue before the district

court in a clear way," the district court correctly held that his claim was

procedurally barred. *Id.*

Battle can overcome these otherwise valid procedural bars by

demonstrating either cause for the default and actual prejudice due to it, or that a

fundamental miscarriage of justice would occur if the default were enforced.

*Coleman*, 501 U.S. at 750. Battle is unable to show cause for his default. He

argues that his failure to raise the defaulted claims on direct appeal was due to the

ineffective assistance of his appellate counsel. However, we have already

explained how each of Battle's ineffective assistance of appellate counsel claims

either lacked merit or did not meet *Strickland*. Similarly, Battle is not able to

show that a fundamental miscarriage of justice would occur if we upheld the

procedural bar to hearing his claims. "To meet this test, a criminal defendant

must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d

918, 923 (10th Cir. 2000). Battle must "show that it is more likely than not that no reasonable juror would have convicted him" in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). It does not appear that Battle claims he is factually innocent. *See* R., Vol. 2 at 493–94. But even if he did make that claim, he provides no new evidence to support the conclusion that no reasonable juror would have convicted him.

In sum, the district court's holding that six of Battle's claims were procedurally defaulted is correct and beyond reasonable debate.

### D. Waived Claims

Finally, Battle raises five claims on appeal that he did not bring before the district court. He argues that his trial counsel was ineffective because she failed to request a suspect line up before the preliminary hearing and did not sufficiently challenge the victim regarding her identification of Battle. He also claims the trial court erred when it admitted a detective's testimony regarding the photographic line up, refused Battle's parole eligibility instruction, and sentenced him to more than 100 years in prison.

We decline to consider the claims Battle did not raise in federal district court. Generally, "a federal appellate court does not consider an issue not passed upon below." *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). We apply this waiver rule regularly. *See, e.g.*, *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999); *Jones*

*v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000).  Battle provides no reasons for his failure to raise these claims in district court, and, consequently, we decline to consider them.

### III.  Conclusion

For the foregoing reasons, we DENY a certificate of appealability (COA) and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge